UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN D. STEWART,<br><br>               Plaintiff,<br><br>v.<br><br>DR. REY PALOP, CANDACE WHITMAN, LISA ALBRECHT, NURSE AMY ZIEGLER, NURSE LAURA, and PAULA STELSEL,<br><br>               Defendants. | Case No. 25-CV-391-JPS<br><br>**ORDER** |
| STEVEN D. STEWART,<br><br>               Plaintiff,<br><br>v.<br><br>DR. REY PALOP, CANDACE WHITMAN, LISA ALBRECHT, and JOHN DOE,<br><br>               Defendants. | Case No. 25-CV-1014-JPS<br><br>**ORDER** |
| STEVEN D. STEWART,<br><br>               Plaintiff,<br><br>v.<br><br>DR. REY PALOP, DR. SHIRLEY GODIWALLA, CANDACE WHITMAN, and LISA ALBRECHT,<br><br>               Defendants. | Case No. 25-CV-1015-JPS<br><br>**ORDER** |

Plaintiff Steven D. Stewart, an inmate confined at Oakhill Correctional Institution, filed three separate pro se complaints under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. Case Nos. 25-CV-391, 25-CV-1014, and 25-CV-1015. The Court screened the complaints separately and allowed all three cases to proceed. In doing so, however, the Court noted that Plaintiff's allegations were largely similar and that consolidation under Federal Rule of Civil Procedure 42 may be appropriate. *See, e.g.*, Case No. 25-CV-1015, ECF No. 6 at 4. Now pending before the Court are Defendants' motions to consolidate and motions for an extension of time to file motions for summary judgment based on the failure to exhaust administrative remedies. 25-CV-391, ECF No. 14; 25-CV-1014, ECF No. 11; and 25-CV-1015, ECF No. 11. Plaintiff filed a brief in opposition, 25-CV-391, ECF No. 16; 25-CV-1014, ECF No. 12; and 25-CV-1015, ECF No. 12. Defendants filed a reply, 25-CV-391, ECF No. 18; 25-CV-1014, ECF No. 15; and 25-CV-1015, ECF No. 15. The motions are now fully briefed and ready for disposition.

Federal Rule of Civil Procedure 42 provides that the Court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Here, the Court will grant Defendants' motion to consolidate because the three cases in question all involve similar questions of law and fact.

Plaintiff's three cases are currently proceeding on Eighth Amendment deliberate indifference and negligence claims for improper medical treatment related to his urinary tract infection and medication

allergies at Fox Lake Correctional Institution in 2022. 25-CV-391, ECF No. 5; 25-CV-1014, ECF No. 6; and 25-CV-1015, ECF No. 6. Plaintiff's claims all largely include the same Defendants with some differences. As such, the Court finds that consolidation of the cases is warranted in order to preserve judicial resources and the resources of all parties. The Court will therefore grant the motions to consolidate and will instruct the Clerk of Court designate Case No. 25-CV-391 as the lead case for the consolidated proceedings and to administratively close Case Nos. 25-CV-1014 and 25-CV-1015. The Court will order that, pursuant to Civil Local Rule 42(b), all filings in the consolidated proceedings shall be filed in Case No. 25-CV-391 and shall reflect the consolidated caption from this order.

Finally, the Court will grant in part Defendants' motion for an extension of time to file summary judgment motions based on exhaustion. In Case No. 25-CV-391, Defendants' deadline to file exhaustion motions long expired prior to Defendants' motion for an extension of time filed on October 30, 2025. As such, Defendants waived raising the affirmative defense of Plaintiff's failure to exhaust administrative remedies as to those claims, and granting Defendants a belated extension would unfairly prejudice Plaintiff. Accordingly, the Court will deny Defendants' motion for an extension of time for the claims in Case No. 25-CV-391. Defendants may not seek the dismissal of any part of these claims for Plaintiff's failure to exhaust administrative remedies. In contrast, Defendants' motion for an extension of time was timely filed in Case Nos. 25-CV-1014 and 25-CV-1015. For good cause shown the Court will grant Defendants' motions as to the claims in these two cases. As such, Defendants may file a motion for summary judgment based on exhaustion for the claims in Case Nos. 25-CV-1014 and 25-CV-1015 on or before **February 13, 2026**.

Accordingly,

**IT IS ORDERED** that Defendants' motions to consolidate, 25-CV-391, ECF No. 14, 25-CV-1014, ECF No. 11, and 25-CV-1015, ECF No. 11; be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall designate Case No. 25-CV-391 as the lead case for the consolidated proceedings and shall administratively close Case Nos. 25-CV-1014 and 25-CV-1015;

**IT IS FURTHER ORDERED** that all filings in the consolidated proceedings shall be filed in Case No. 25-CV-391 and shall reflect the consolidated caption from this order; and

**IT IS FURTHER ORDERED** that Defendants' motion for an extension of time to file summary judgment based on exhaustion, 25-CV-391, ECF No. 14, 25-CV-1014, ECF No. 11, and 25-CV-1015, ECF No. 11 ; be and the same are hereby **GRANTED in part**; Defendants may file a motion for summary judgment based on the exhaustion of administrative remedies for only the claims in Case Nos. 25-CV-1014 and 25-CV-1015 on or before **February 13, 2026**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge